**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:24 am, Mar 21, 2025*
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

- List of Defendants as continued from **"COMPLAINT"** page.

Attorney Jonathan A Marks & Alan S Marks (Estate)

Candlewyck HOA, Worth Ross Mgmt., Hammersmith Mgmt.

Adolfson and Peterson & Front Range Roofing Syst

Attorney Amy Twohey &  Zupkus & Angell P.C.

Attorney Adam P O'Brien & Wells, Anderson & Race, LLC

Attorney Christy N. Redmond & Wells, Anderson & Race, LLC

Attorney David O. Hansen & Kumpf, Charsley & Hansen P.C.

Attorney Victor L. Sulzer & Tschetter & Sulzer P.C.

Attorney Jonathon Carlson & Tschetter & Sulzer P.C.

- Defendants' contact information as continued from **"COMPLAINT"** page.

**\* Attorney Jonathan A Marks & Alan S Marks (Estate)**
3400 Walnut St., Suite 700, Denver, CO 80205
Phone: 303-892-7364  Email: jonathan.marks@davisgraham.com

**\* Candlewyck Condominium Association**
7865 E. Mississippi Ave, Denver, CO 80247
Phone: 303-395-2377 Email: Not Provided

**\* Worth Ross Management**
1001 Bannock St. Suite 208, Denver, CO 80204
Phone: 720-588-3921 Email: customercare@wrmcinc.com

**\* Hammersmith Management**
**23 Inverness Way E #200, Englewood, CO 80112**
Phone: 303-980-0700  - Email: Not Provided

**Adolfson and Peterson**
797 Ventura St., Aurora, CO 80011
Phone: 303-363-7101 Email: info@ap.com

**\*Front Range Roofing Systems**
222 13th Ave, Greeley, CO 80631
Phone: 970-353-2322 Email: Not Provided

**\* Atty. Amy Twohey**
9200 E Mineral Ave. Suite 450, Englewood, CO 80112
Phone: 720-921-2070 – Email: info@johnsonbakken.com

**Zupkus Angell P.C.**
1415 Park Ave. W Denver, CO 80205
Phone: 303-894-8948 - Email: mkhan@aslaw.com

**\*Atty. Adam P O'Brien**
1700 Broadway Suite 900, Denver, CO 80290
Phone: 303-813-6536 - Email: aobrien@thompsoncoe.com

**Thompson, Coe, Cousins, & Irons, LLP**
**(formally known as: Wells, Anderson & Race, LLC)**
1700 Broadway Suite 900, Denver, CO 80290
Phone: 303-813-1212 - Email: aobrien@thompsoncoe.com

**Atty. Christy Zahradnik-Mitchell**
**(formally known as Christy N. Redmond)**
1700 Broadway Suite 900, Denver, CO 80290
Phone: 303-813-1212 - Email: czahradnik-Mitchell@thompsoncoe.com

**\*Atty. David O. Hansen**
9565 S. Kingston Ct. Suite 100, Englewood, CO 80112
Phone: 720-473-8000 – Email: dhansen@kch-law.com

**Kumpf, Charsley & Hansen P.C.**
9565 S. Kingston Ct. Suite 100, Englewood, CO 80112
Phone: 720-473-8000 – Email: info@kch-law.com

**\*Atty. Jonathon Carlson**
3600 S. Yosemite St #828, Denver, CO 80237
Phone: 303-699-3484 - Email: jonathon@thslawfirm.com

**Tschetter & Sulzer P.C.**
3600 S. Yosemite St #828, Denver, CO 80237
Phone: 303-699-3484 - Email: jonathon@thslawfirm.com

**#1**

# CLAIM FOR RELIEF

### Warranty of Habitability
### Breach of Lease Agreement/Contract
"Everyone deserves safe and healthy housing."

**(Plaintiffs' Could Not Fairly Litigate These Claims - Our Due Process Rights Were Violated)**

1. Plaintiffs incorporate all other paragraphs of this claim for the purpose of this Refiled Complaint.

2. Defendants, Alan S Marks and Atty. Jonathan A Marks knew or should have known that, by law, every residential lease in Colorado includes a "Warranty of Habitability".

3. Defendant, Atty. Jonathan A Marks honored new verbal lease agreement between his father, Defendant, Alan S Marks and Plaintiffs upon Alan's death in July 2022.

4. Defendants, Alan S Marks and Atty. Jonathan A Marks breached by refusing to display responsibility for the safety and health of Plaintiffs in regard to the rented condo unit.

5. Defendants, Alan S Marks and Atty. Jonathan A Marks breached by allowing ongoing conditions to affect the rented condo unit's habitability and the situation interfered with Plaintiffs' life, health, and safety.

6. Plaintiffs notified both Defendants, Alan S Marks and Atty. Jonathan A Marks individually (both electronically, in person and by phone) of the concerns within the condo unit. Plaintiffs strived to form a successful mediation with Defendant, Alan S Marks and a professional mediator to discuss rectification of Defendant's breach of Warranty of Habitability.

7.  Defendants, Alan S Marks and Atty. Jonathan A Marks breached by not responding to known and needed repairs within the 24hrs to 96hrs window as specified by Colorado's Warranty of Habitability Law.

8.  Defendants, Alan S Marks and Atty. Jonathan A Marks' acts and omission breached the lease agreement/contract with Plaintiffs and therefore, caused Plaintiffs to incur damages, harms, losses, and irreversible injuries pursuant to Colorado's Warranty of Habitability Law.

9.  Defendants' breach against Plaintiffs continues to exist.

**#2**                    **CLAIM FOR RELIEF**

**Retaliation in Launching Multiple Evictions**
**COLO. REV. STAT. § 38-12-509**

1.  Plaintiffs incorporate all other paragraphs of this claim for the purpose of this Refiled Complaint.

2.  Plaintiffs were engaging in the protected activities of Colorado's landlord – tenant laws as we attempted to ensue mediations. This was in order to obtain fair and quality housing. Plaintiffs identify the actions of Defendants Alan S Marks and Atty. Jonathan A Marks as retaliation.

3.  Plaintiffs addressed both Defendants, Alan S Marks and Jonathan A Marks via email, text messages, and by phone to address needed repairs on numerous occasions.

4.  Plaintiffs contacted Denver Dept. of Public Health and Environment (Tammy Geroninmus) on April 27, 2022. Plaintiffs also contacted Sara Elletson and worked with Christian Cunningham in April & May 2022, both at Community Mediation Concepts, who reached out to Defendant, Alan S Marks to offer their

assistance, as well as Mary Bui at Community Economic Defense Project.

5. There were many attempts to reach Defendant Atty. Jonathan A Marks from September 2022 thru September 2023. offering assistance within their roles and scope of practice in hopes of helping to resolve the matters at hand in this claim.

6. Defendants, Alan S Marks and Atty. Jonathan A Marks' acts of intimidation and threats were motivated by Plaintiffs exercising of constitutionally protected rights.

7.  Defendants, Alan S Marks' and Atty. Jonathan A Marks' actions caused Plaintiffs to suffer injuries that would deter a person of ordinary firmness from continuing to engage in such protected activity.

8. Defendants, Alan S Marks' and Atty. Jonathan A Marks' conduct violated clearly established rights belonging to Plaintiffs of which reasonable persons in Defendants position knew or should have known better than to do.

9. Defendants, Alan S Marks and Atty. Jonathan A Marks engaged in the aforementioned conduct of this Complaint intentionally, knowingly, willfully, wantonly maliciously, and in reckless disregard of Plaintiffs' protected rights.

10. Defendants, Alan S Marks' and Atty. Jonathan A Marks' conduct proximately caused significant injuries, damages and irreversible losses to Plaintiffs.

**#3**

## **CLAIM FOR RELIEF**

### **Trespass**

1. Plaintiffs incorporate all other paragraphs of this claim for the purpose of this Refiled Complaint.

2. Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing, as named in this Complaint either in part or in whole, caused or was negligent to allow a physical intrusion of toxic fumes into Plaintiffs' condominium unit – whether in part or in whole.

3. Plaintiffs had legal possession of the rented condo property from June 2021 through September 2023.

4. Defendants, Front Range Roofing Systems, LLC and Adolfson & Peterson gave no warning to Plaintiffs of the toxic intrusion they caused.

5. Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross Management, and Hammersmith Management, gave no warning for the poisonous intrusion of the toxic fumes (methane & H2S) they allowed based on their constructive and actual knowledge.

6. Evidence proves that the intrusion of the toxic fume's physical matter and the presence of matter from the poisonous gases (weighing heavier than air), which were constantly emitting from the broken vent pipe within the wall into the condo unit. caused Plaintiffs' pain and sufferings, injuries, harms, and damages as our medical records have specified.

7. Evidence have proven that Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross Management, and Hammersmith Management knowledge of the toxic trespass is continuing for over 2 years, until today and even prior to Plaintiffs residing within the condo unit (since 2019).

**#4**

## CLAIM FOR RELIEF

### Negligence

1. Plaintiffs incorporate all other paragraphs of this claim for the purpose of this Refiled Complaint.

2. Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing, whether in part or in whole, owed Plaintiffs a duty to exercise reasonable care in the performance and maintenance of the roof repairs and while maintaining safe premises within the condo unit.

3. Defendants Marks, Candlewyck HOA, Worth Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing, whether in part or in whole, owed Plaintiffs a duty to exercise reasonable care in maintaining proper venting of toxic fumes, repair of the toxic water and waste running through the pipelines and into the unit.

4. Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing, whether in part or in whole, owed Plaintiffs a duty to exercise reasonable care to repair the broken/damaged vent pipe within the wall of the unit which evidence have proven was releasing toxic sewer gas fumes into the condo unit since 2019.

5. Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing, whether in part or in whole, breached their aforementioned duties by negligently, carelessly, recklessly, and intentionally failing to properly repair the roof as well as the vent

pipe that was broken/damaged within the wall of the unit during the roofing

reconstruction and repair (based on their constructive and actual knowledge) as

evidence have proven.

6.  The above negligence caused by the named Defendants above, either in part or in

whole, directly and proximately caused Plaintiffs to incur pain and suffering,

injuries, damages, harm, and losses.

7.  The above-named Defendants' negligence continued for the 2 years that Plaintiffs

resided within the condo unit and even since 2019 before Plaintiffs moved in.

**#5**

## CLAIM FOR RELIEF

### Nuisance/Quiet Enjoyment

1.  Plaintiffs incorporate all other paragraphs of this claim for the purpose of this

Refiled Complaint.

2.  Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth

Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing, whether in

part or in whole, substantially and unreasonably allowed toxic Methane & H2S

sewer gases to invade Plaintiffs' space of interest in the rental property as well as

the enjoyment of it, rather than being safely vented, maintained, and properly

functional.

3.  The Defendants named above, whether in part or in whole, either created or was

negligent to allow the physical condition of the toxic fumes to infringe upon

Plaintiffs' health, privacy and enjoyment within the condo unit.

4.  The above-named Defendants, whether in part or in whole, violated Plaintiffs'

rights by allowing the continual entry of noxious fumes from the broken vent pipe and from the contaminated water running into the tubs and basins within the condo unit as proven by an expert industrial/environmental hygienist .

5. Defendants Atty. Jonathan Marks and Alan Marks, Candlewyck HOA, Worth Ross, Hammersmith, Adolfson and Peterson & Front Range Roofing's violations, either in part or in whole, constituted a nuisance, which caused Plaintiffs to incur pain and suffering, injuries, damages, harms, and losses.

6. The above-named Defendants' nuisance has continued for over 2 year (since 2019 until the present).

**#6**

## **CLAIM FOR RELIEF**

### **Statutory Premises Liability**
### **C.R.S. § 13-21-115**

1. Plaintiffs incorporate all other paragraphs of this claim for the purpose of this Refiled Complaint.

2. Defendants, Candlewyck Condominium Association (HOA) own the property as defined by C.R.S. § 13-21-115(1) and as indicated within Candlewyck's HOA Declaration & Bylaws.

3. Candlewyck HOA has possession of the common areas of the property. It, Worth Ross Management and Hammersmith Management are/were responsible for the condition and circumstances on the property.

4. Plaintiffs are 'invitees' in accordance with C.R.S. § 13-21-115(5)(a).

5.  Defendants, Alan S Marks, Atty. Jonathan A Marks, Hammersmith Management, and Candlewyck HOA had a duty to exercise reasonable care to protect against any danger of which they each had constructive and actual knowledge, to carry out activities in a reasonable, safe manner, and to warn Plaintiffs of the dangerous conditions as pursuant to C.R.S. § 13-21-115.

6.  Defendants, Alan S Marks, Atty. Jonathan A Marks', Hammersmith Management, and Candlewyck HOA's have constructive and actual knowledge of the dangerous condition of the toxic fumes existing within their premises until this day, caused Plaintiffs to incur pain and suffering, injuries, damages, harms, and losses.

7.  Defendants, Alan S Marks, Atty. Jonathan A Marks, Hammersmith Management, and Candlewyck HOA had a duty to exercise reasonable care to ***protect*** Plaintiffs against dangers of which they actually had knowledge of, as evidence has proven.

8.  Defendants, Alan S Marks, Atty. Jonathan A Marks, Hammersmith Management, and Candlewyck HOA had a duty to exercise reasonable care to ***warn*** Plaintiffs against the toxic dangers, of which they actually had knowledge (as evidence has proven), which caused Plaintiffs' pain and suffering, injuries, damages, harms, and losses.

9.  With Plaintiffs as invitees within the premises of the condo unit and the common grounds wherewith it sits, Defendants, Alan S Marks, Atty. Jonathan A Marks, Hammersmith Management, and Candlewyck HOA's breach of the aforementioned duties, has caused Plaintiffs' pain and suffering, damages, harms, and irreversible losses.

#7

## CLAIM FOR RELIEF
5th & 14th Amendment Violations
### Abuse of Process (Tort)
Atty. Jonathan A Marks & Alan S Marks

1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

2. Evidence proves that Attorney Jonathan A Marks has misrepresented his oath to uphold his duties and responsibilities in performing his role as an officer of the Court as identified in the following claims.

3. Defendant Atty. Jonathan A Marks, by and through his Counsel, used the FED eviction process as one of several retaliatory acts (between he and his father, Alan S Marks (estate)) to prevent Plaintiffs from litigating the merits of our case against them regarding the aforementioned claims of toxic sewer gas exposure.

4. Defendants Atty. Jonathan A Marks, by and through his Counsel, committed perjury under oath in a July 2023, FED trial against Plaintiffs, stating that Plaintiffs refused to pay rent, while evidence proved his refusal to accept payments from Plaintiffs as well as any rental assistance on our behalf for nine months, totaling over $20,000.00. This eviction led to undue prejudices towards Plaintiffs to include but not limited to homeless even until this day.

5. Defendants Atty. Jonathan Marks and Alan S Marks (estate) lack evidence in the record to support any affirmative defenses or allegations or material facts for any of claims against Plaintiffs, *inter alia,* as they bear the burden of proof for each of them. Defendants Marks have committed acts of bad faith conduct through their acts of withholding evidence.

**#8**
## CLAIM FOR RELIEF
5th & 14th Amendment Violations
### Abuse of Process (Tort)
### Atty. Jonathan Marks & Atty. Amy L Twohey & Zupkus & Angell

1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

2. Evidence proves that Attorney Amy L Twohey has misrepresented her oath to uphold her duties and responsibilities in performing her role as an officer of the Court as identified in the following claims.

3. On June 1, 2023, Defendants Atty. Jonathan A Marks, by and through his Counsel, emailed Plaintiffs about accepting an offer Marks was proposing to us and that we had one week to decide.

4. Evidence shows that in that email, Counsel Towhey threatened that if we did not accept Marks' offer and release him from the lawsuit, further legal action against us would ensue.

5. Defendants Atty. Jonathan A Marks, by and through his Counsel, committed an unlawful use of Plaintiffs' e-signatures. Evidence shows that upon our questioning of her actions, Counsel Twohey argued that if we complained it would be considered frivolous. She also issued threats of litigation and additional attorney's fees if we did file a Motion.

6. Evidence proves that Defendants Atty. Jonathan A Marks, by and through Counsel Twohey, committed felonious activity in litigation, which has been officially confirmed by the Denver Police Dept. as a "Class 5 Felony" of forgery and thereby, has been placed on public record as evidence. This act constitutes a

severe abuse of process and obstructions of justice.

7. In July 2024, before litigation was over (September 2024), Atty. Jonathan A
   Marks sold his and Alan S Marks' (estate) condo unit. The Same unit that
   Plaintiffs resided in and was exposed in the air and within the sewer and water
   pipelines as evidence have proven.

8. The last time the unit was tested for the gases was in March 2024 by Plaintiffs'
   retained expert environmental and industrial hygienist, Jeff Pothast who
   discovered the gases which were still at peak levels of Methane and H2S within
   the unit, even 6 months after Plaintiffs had been evicted. Mr. Pothast's report of
   his finding are in the record.

9. The repairs had still not been made when Atty. Marks was allowed by the Court
   and his Counsel, to sell it.


#9                      **CLAIM FOR RELIEF**
                   5th & 14th Amendment Violations
                       **Obstruction of Justice**
                    The Withholding of Evidence as
                    Ordered & Requested in Discovery
        **Atty. Jonathan Marks, Atty. Amy L Twohey & Zupkus & Angell,**
        **Atty. Jonanthan Carlson & Victor Sulzer & Tschetter & Sulzer**


1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this
   claim.

2. Evidence proves that Jonanthan Carlson & Victor Sulzer have misrepresented
   their oaths to uphold their duties and responsibilities in performing their role as
   officers of the Court as identified in the following claims.

3. Defendant, Atty. Jonathan A Marks, by and through his Counsel Amy L. Twohey,

committed spoliation of evidence by deliberately altering a material evidence (the HVAC unit) within the condominium during discovery at the instruction of his counsel, even after Plaintiffs requested the preservation of it and *all* other items within the condo unit.

4. Defendant, Atty. Jonathan A Marks, by and through Counsel Twohey, along with the other Counsel for Defendants in this case, committed civil conspiracies against Plaintiffs by showing agreement to take action in preventing Plaintiffs from litigating the merits of our case.

5. Defendant, Atty. Jonathan A Marks, by and through Counsel Towhey, violated Colorado Rules of Evidence (CRCP 26) in discovery and disobeyed Court's Pre-Trial Order of discovery without explanation while in discovery dispute.

6. Plaintiffs' Primary Care doctors became aware of our exposures to the poisonous gases and based on the evidence that proved we had been exposed to noxious sewer gases; they each referred us to the same local team of toxicologists specialists as well as relying upon the Fletcher Society Guidelines and based on the symptoms of Mr. Smith.

7. However, several months after we had supplemented the name and contact information of the toxicologists' office into discovery, and having multiple conversations and appointments set up and scheduled with the toxicologists, Counsel for Defendants Marks, Counsel Twohey informed Plaintiffs, that she had 'retained' that office and that they would not be servicing us.

8. The record proves that due to Counsel Twohey interference, Plaintiffs were grossly prejudiced. Counsel Twohey obstructed the efforts of our physicians to have us tested by the toxicologists.

9. In June 2023, Defendant Atty. Jonathan A Marks, by and through Counsel Towhey, enjoined Atty. Jonathon Carlson and Victor Sulzer of Tschetter & Sulzer to defend for the FED.

10. Upon engaging with Plaintiffs in an email, Counsel Carlson committed an abuse of process by threating further legal proceedings against us if we did not pay the rent that his client, Atty Jonanthan Marks, had refused for almost one year in order to say Plaintiffs would not pay so as to file eviction against us.

11. In the same email to Plaintiffs, Defendant Atty. Jonathan A Marks, by and through Counsel, Carlson also committed an abuse of process by threatening further legal proceedings against us if we did not remove Atty. Jonathan A Marks and Alan S Marks from the lawsuit by the end of business on a certain day of the week in September 2023, just prior to the date of the FED.

12. When Plaintiffs did not comply with Counsel's threats, the FED commenced and we were forced from our home at the condominium on September 13, 2023, which resulted in the loss of our possessions and being homeless, even today.

**#10**           **CLAIM FOR RELIEF**
5th & 14th Amendment Violations
**Obstruction of Justice**
The Withholding of Evidence as
Ordered & Requested in Discovery
Candlewyck HOA, Worth Ross Mgmt. & Hammersmith Mgmt.,
& Atty. David O. Hansen & Kumpf, Charsley & Hansen P.C.

1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

2. Evidence proves that Attorney David O. Hansen has misrepresented his oaths to uphold his duties and responsibilities in performing his role as an officers of the Court as identified in the following claims.

3. Defendants, Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Atty. David Hansen violated Rule 37 - Failure to Make Disclosure & Cooperate in Discovery.

4. Defendants, Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Counsel Hansen, obstructed justice by failure to disclose according to Court order; falsifying or misleading disclosure and their refusal to respond to Plaintiffs' requestion for admissions.

5. Defendants, Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Counsel Hansen, obstructed justice by collectively meeting all elements of sanctions.

6. On September 19, 2023, Counsel Hansen opposed Plaintiffs' conferral of a Motion to Show Cause for Counsel Twohey's proven felonious act in completing a felony" of forgery.

7. Defendants, Candlewyck HOA, Hammersmith Management, and Worth Ross

Management, by and through Counsel Hansen, severely prejudiced Plaintiffs from litigating the merits of our case, including the opportunity for a favorable mediations.

8. Had Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management made full disclosure at the onset of the Discovery process or even later when Plaintiffs made discovery requests of them, Plaintiffs' litigation against Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management would likely have ended based on the evidence disclosed by them.

9. Instead, by having no consideration of the interest of Justice, Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management along with Counsel Hansen, have grossly absorbed the time and efficiency of the Court.

10. Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Counsel Hansen, committed maleficence with bad faith discovery practices in performing investigations in the absence of Plaintiffs on multiple occasions, as well as misrepresenting CDARA investigations in secret.

11. Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Counsel Hansen, were aware of Counsel Twohey's improprieties during the CMO by not honoring their oath as attorneys and not

protecting Plaintiffs' constitutional rights.

12. Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Counsel Hansen, participated in the obstruction of justice by frivolously disagreeing with every motion conferred by Plaintiffs without any legal reasoning or validity.

13. Defendants Candlewyck HOA, Hammersmith Management, and Worth Ross Management, by and through Counsel Hansen, knowingly participated in Scorched Earth litigation against Plaintiffs under lead Counsel Twohey.

14. Defendants Hammersmith Management, and Worth Ross Management, under the governance of Candlewyck HOA, by and through Counsel Hansen, were destructive to our rights to life, liberty and possessions of property as they have continued in the actual and constructive knowledge of the unsafe habitability of the condominium unit Plaintiffs were being exposed to even prior to our taking up residence therein to date.

**#11**          **CLAIM FOR RELIEF**
5th & 14th Amendment Violations
**Obstruction of Justice**
The Withholding of Evidence as
Ordered & Requested in Discovery
**Adolfson and Peterson Construction & Front Range Roofing Systems, & <u>Atty. Adam P. O'Brien & Atty. Christy Zahradnik-Mitchell</u> (formally known as Christy N. Redmond) & Thompson, Coe, Cousins, & Irons, LLP (formally known as: Wells, Anderson & Race, LLC)**

1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

2. Evidence proves that Attorney Adam P. O'Brien & Attorney Christy Zahradnik-Mitchell have misrepresented their oaths to uphold their duties and responsibilities in performing their role as officers of the Court as identified in the following claims.

3. Defendants, Adolfson and Peterson Construction (AP) & Front Range Roofing Systems (FRR), by and through Counsel O'Brien and Counsel Zahradnik-Mitchell violated Rule 37 - Failure to Make Disclosure & Cooperate in Discovery.

4. On June 5, 2024, Counsel for Defendants FRR & AP emailed Plaintiffs a third (3rd) Supplemental discovery disclosure. Given the relevant evidence already in the record by Plaintiffs, in addition to the newly supplemented Two Hundred and Forty-Two (242) pictures from Counsel for Defendants FRR & AP (and other discovery still not provided), while their expert deliberately omitted in his report and never once opined on the 242 pictures during discovery.

5. Their experts deliberate omission severely prejudiced Plaintiffs in litigating the merits of our case, including the opportunity for a favorable mediations.

6. Defendants FRR & AP and their Counsel have collectively met all elements of sanctions by being in agreement with lead Counsel's felonious act in completing a "Class 5 Felony" of forgery.

7. On September 19, 2023, Counsel O'Brien and Counsel Zahradnik-Mitchell opposed Plaintiffs' conferral of a Motion to Show Cause for Counsel Twohey's act without a valid or legal basis for their opposition.

8. Defendants, Adolfson and Peterson Construction (AP) & Front Range Roofing

Systems (FRR), by and through Counsel O'Brien and Counsel Zahradnik-Mitchell, also committed maleficence with bad faith discovery practices in performing investigations in the absence of Plaintiffs on multiple occasions, as well as misrepresenting CDARA investigations in secret.

9. Defendants, Adolfson and Peterson Construction (AP) & Front Range Roofing Systems (FRR), by and through Counsel O'Brien and Counsel Zahradnik-Mitchell, were also aware of Counsel Twohey's improprieties during the CMO by not honoring their oath as attorneys and not protecting Plaintiffs' constitutional rights.

10. Defendants, Adolfson and Peterson Construction (AP) & Front Range Roofing Systems (FRR), by and through Counsel O'Brien and Counsel Zahradnik-Mitchell, were destructive to our rights to life, liberty as they had actual and constructive knowledge of the broken vent pipe within the wall of the condo unit, which is known within their industry, to constitute an unsafe living environment with the condominium unit where Plaintiffs were being exposed sewer gas fumes.

11. Defendants, Adolfson and Peterson Construction (AP) & Front Range Roofing Systems (FRR), by and through Counsel O'Brien and Counsel Zahradnik-Mitchell, had actual and constructive knowledge even prior to Plaintiffs taking up residence therein.

12. Defendants, Adolfson and Peterson Construction (AP) & Front Range Roofing Systems (FRR), by and through Counsel O'Brien and Counsel Zahradnik-Mitchell, knowingly participated in Scorched Earth litigation against Plaintiffs under lead Counsel Twohey.

**#12**                    <u>**CLAIM FOR RELIEF**</u>

42 U.S.C. § 1983, 1985, 1986

Obstruction of Justice, Abuse of Process,

& Violation of Procedural Due Process

**Under Color of Law**

**Justice Jon Jay Olafson**

1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

2. Evidence proves that pursuant to Rule 2.11 (A)(1) in the COLO. CODE. JUD. COND. of the United States, Judge Jon Jay Olafsen has misrepresented his oaths to uphold his duties and responsibilities in performing his role as a judiciary of the State Court of Colorado of the United States of America, as identified in the following claims.

3. The Honorable Judge Olafson replaced Judge Egelhoff in December 2023.

4. Partiality had been evident during the litigation of Plaintiffs' since its inception. Counsel for Defendants were allowed to bend and break the same rules that Plaintiffs were being held to include granted hearings and favorable rulings without Defendants first proving and gaining a favorable termination in this case while each of Plaintiffs hearing requests have all been vacated or ignored without proper cause.

5. During Status Conference meetings, Plaintiffs were limited by the Court as to how much we are allowed to speak or respond to what is being said against us by being ordered to "just answer yes or no" by the Court.

6. Bias on behalf of the Court within the judicial process of this lawsuit has also been apparent since its inception. At the July 30, 2024, another status conference meeting, the Court reprimanded Plaintiffs for filing a legal and lawful report complaint against Counsel for Defendants Marks, Amy Twohey for violating our 14th amendment rights.

7. Counsel for Defendants had used Plaintiffs' electronic signatures without our express or implied permission.

8. Afterwards, in its reprimand of Plaintiffs, the Court asserted that Plaintiffs were uncivilized (acted without civility) for filing sanctions against Counsel and for reporting the act, which was performed against us.

9. Counsel Twohey was not scolded for threatening prosecution against Plaintiffs, and asked the Court to dismiss our case with prejudice.

10. Although Counsel Twohey was the individual who violated Rule 4.5(a) of the Colo. R. Prof'l. Cond. against Plaintiffs, the Judge Olafson asked Counsel what she wanted him to do to Plaintiffs and if she had any legal citing that she could use in her sanctions against Plaintiffs.

11. These actions from the Court had the appearance of offering legal advice to Counsel Twohey from which she later submitted an addendum to her original motion for sanctions against us, adding in legal citings as suggested to her from the bench.

12. Judge Olafson demonstrated a bent of mind in that he would not allow Plaintiffs to bring the full scope of all our controversial claims before a jury. Given the relevant evidence, testimonies, affidavits, legal citings, and motions,

which Plaintiffs have filed, the Court was bent on allowing all Defendants and
their Counsel to prevail with an unfair outcome for Plaintiffs at trial.

13.  Evidence proved that Defendants by and through their Counsel, had been
untruthful, and while Defendants Marks had been allowed to perjure on the
witness stand, the Court continued to protect his falsehoods, with no
evidentiary proof in the record instead of allowing the truth to prevail.

14. The record is evidence that all Defendants lack supported evidence to prove
any of their affirmative defenses and allegations by misrepresentations and
omissions, which constituted fraud upon the Court.

15. While being aware of these matters, the Court made rulings for Summary
Judgement in favor of all Defendants.

16. Judge Olafson admitted to being in a 'legal  quandary; continued in granting
summary judgement to FRR & AP of whom he could find no established
evidence on the record where they had *disproven* Plaintiffs' allegations nor
produced any evidence in support of their own allegations, or affirmative
defenses against Plaintiffs.

17.  In June 2024, Judge Olafson granted Summary Judgement, without
considering how it was intervening the offer of judgement (settlement) on
June 14, 2024.

18. On more than one occasion, Plaintiffs brought to Judge Olafson's attention
that a Summary Judgement does not *void* an offer of judgement process
between Plaintiffs and Defendants FRR & AP (which was already in progress),
but that the offer of judgment should be an addition to the default judgement

of punitive damages/sanctions for violating the discovery rules in evidence, *inter alia.*

19. However, Judge Olafson overlooked and ignored Plaintiffs' acknowledgment of this law. He never responded.

20. On June 10, 2024, prior to trial, Judge Olafson reset Plaintiffs 5-day trial date scheduled for June 24, 2024, because of Counsel Twohey's alleged family emergency, claiming that she would not be able to litigate or be in touch during the extenuating circumstances.

21. The situation held up the trial date by almost two months (even though counsel had a partner; Atty. Wang, working by her side throughout the litigation, who could have performed in her stead.

22. The allegation had the appearance of attorney influence and conspiracy based on the full scope of the matters at hand.

23. Interestingly, while away within those two weeks, Counsel Twohey litigated the En Limine process while working with the Judge Olafson in dismissing all 40 of our witnesses, including doctors, therapists, and experts.

24. Based on the foregoing reasons, on September 5, 2024, Plaintiffs' Motioned that Justice Jon Jay Olafson (acting in civility and in upholding the law) recuse himself from further Presiding in Plaintiffs' case (2023CV030842).

25. Additionally, Plaintiffs Motioned to Stay trial proceedings scheduled for Sept 9, 2024, until all original claims within Plaintiffs' lawsuit and all matters stated within the motion were given an unbiased review and a new trial date were given.

26. Counsel for Defendants opposed the motion upon conferral and Judge
Olafson without proper cause and without addressing our motion (supported
by our affidavits) point-for-point, Judge refused to duly consider Plaintiffs'
Motion to Recuse.

27. On September 9, 2024, the date of the new trial, Plaintiffs were forced into
signing a menial settlement agreement.

28. The jurors had already been chosen when Plaintiffs arrived and the
assortment just did not seem fairly selected.

29. Counsel Twohey approached Plaintiffs and informed that the Court of Appeals
had just granted Defendants Marks attorney's fees against us.

30. Counsel Twohey then offered a $5000 settlement, stating if we agreed to sign,
her client, Defendants Marks, would drop the attorneys fees (~$20,000.00).

31.  Along with the pressure of finding out that the Court had just taken away our
last few witnesses and that our key cross-witness "would not be at trial today",
Plaintiffs' fear of not having a fair trial had come to pass.

32. With the appearance of things, we were severely under duress, so much that
Mrs. Smith could barely stay in the Courtroom long enough to sign the papers
for having to run to the ladies room in tears.

33. The circumstances surrounding that day of trial, on September 9, 2024,
created an emotional distress for us both.

34. We settled due to coercion, threats and misrepresentation and although we
notified the Court, the jury was selected before we entered the court as we had
been slightly delayed.

35. Having no other choice, we were forced to settle under duress and due to homelessness, which was caused by the prejudices of the FED eviction, Plaintiffs were compelled to agree to settle on the day of trial.

36. In January 2025, Plaintiffs learned two things, (1) that the Court of Appeals had not granted attorney's fee to Defendants Marks. Counsel Twohey had used her misrepresentation to pressure us from going forward with trial that day. (2) that Judge Olafson had not actually completed the litigation and that he ruled it 'without prejudice'.

37. We are now refiling our case with the US Federal Court today for all the aforementioned claims.

**#13**             <u>**CLAIM FOR RELIEF**</u>

42 U.S.C. § 1983, 1985, 1986

Obstruction of Justice, Abuse of Process,

& Violation of Procedural Due Process

**Under Color of Law**

<u>**Justice Martin F Egelhoff**</u>

1. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

2. Evidence proves that pursuant to Rule 2.11 (A)(1) in the COLO. CODE. JUD. COND. of the United States, Judge Martin F Egelhoff has misrepresented his oaths to uphold his duties and responsibilities in performing his role as a judiciary of the State Court of Colorado of the United States of America, as

identified in the following claims from June 2023 through December 2023.

3.  The Honorable Judge Egelhoff was removed in December 2023 and Judge Olafson presided in his stead.

4.  Upon the initial consolidation of our case as Pro Se, Counsel Twohey requested Judge Egelhoff over Judge Sarah Wallace for a reason Plaintiffs knew not of.

5.  Based upon Plaintiffs' legal interactions with the court within the first 8 months of litigating, we began to reason why Judge Egelhoff was requested.

6.  Plaintiffs quickly began to notice behaviors from Judge Egelhoff that had the strong appearance of bias towards Plaintiffs and an even stronger appearance of favor towards the Counsel for our Defendants.

7.  The unfairness we experience from Judge Egelhoff seem to violate our Constitutionally Protected Rights.

8.  Plaintiffs witnessed certain comments Judge Egelhoff made towards us like: "You can't live there for FREE forever" which was not our aim.

9.  Plaintiffs had made many attempts over a ten (10) month period to get Defendant Marks to accept rental payments from us and through rental assistance, yet he refused them all.

10. Plaintiffs perceived Judge Egelhoff's comment to be discriminatory and stereotypical in nature and that his bias towards us played a strong part in his decision for a "speedy trial" (as requested by Counsel for Defendants Marks) for the FED.

11. The FED preceding should not have been heard by which we are now severely disadvantaged in litigating the merits of our lawsuit.

12. Plaintiffs have also observed decisions made by Judge Egelhoff while disregarding practically every motion we entered; like not taken action on our Motions until after a favorable decision was made in favor of Defendants Marks.

13. During the FED process and then after Judge Egelhoff's granting thereof, Plaintiffs filed several motions for Emergency Stay, Reconsideration, and Show Cause.

14. The only motion that was not vacated or ignored without any conclusion given was the Motion to Stay where Judge Egelhoff denied it stating that we had not conferred. When we actually had conferred and received opposition for the opposing Counsel. Who, when they received Judge Egelhoff's reasoning (knowing that time was ticking), did not step in and admit that we actually had conferred but that we had failed to mention their opposition within our Motion.

15. At the same time, we noticed that each of our Defendants' Motions were ruled upon and granted in a timely manner, even though we complained of their non-compliance to properly confer with us.

16. With regards to our 1st Amended Complaint (which was served on June 19, 2023), we entered a Motion for Default Judgement on July 21, 2023, as Defendants AP & Front Range withheld their responses and did not answer until August 8, 2023, without explanation. Their answer was not in compliance with the time frame provided by the rule CRCP 12(a)(1) and Judge Egelhoff did not take an action on our Motion until August 2023.

17. Judge Egelhoff's behavior also showed during the time of the 26(a)(1 ) disclosures, when lead Counsel, Amy Twohey, did not submit disclosures until

September 28, 2023, without explanation.

18. In our research, Plaintiffs later learned that Counsel Twohey had another 5-day trial that she attended, which was why she was in non-compliance of the rule of the CMO. Yet no one ever mentioned this nor explained or even apologized her reasoning.

19. Per the "new" at issue date (for which she could not justify not going by the original at issue date), the original at issue date was August 9, 2023, meaning that the original date of disclosure was set for September 6, 2023, as we had all agreed to and performed accept Counsel Twohey.

20. Let the record show that when we address the matter at the CMO Conference, Judge Egelhoff very sharply replied, "Well, they're all in aren't they?"

21. We conferred with all Counsel that we were planning to enter a Motion to Show Cause and requested a hearing for Counsel Twohey's actions.

22. Counsel Twohey said it wouldn't be heard and she was right (how would she know this?)

23. Our Motion was ignored and not heard, just as she warned.

24. While we were busy handling the execution of Defendants Marks' FED eviction from the condo unit, Lead Counsel forged our e-signatures on the Proposed CMO.

25. At the time of the eviction, Counsel Twohey (being fully aware that the eviction was happening at the time) gave a 4-hour window of time to respond to an email wherein she advised that if we did not send her our signed agreements to the Proposed CMO, she would sign our signatures herself.

26. The 4-hour window was not a good faith conferral. Instead, it was more like Counsel Twohey was exploiting us while executing an abuse of process (the FED eviction) according to the Uniform Electronic Transactions Act.

27. Later, once we became aware of the email and that she had acted as our attorney/representative and signed our names, we saw that every other Counsel for the Defendants were included and received the same email and did nothing to halt Counsel Twohey from doing the action.

28. Pertaining to the Proposed CMO, submitted by Counsel Twohey, her statements that had no merit of truth regarding Marks' being cleared of Habitability violations (of which he did not even plead). To this we would have objected and would not have signed the Proposed CMO had we known about it that day, until it was corrected.

29. At the Case Management Meeting on October 10, 2023, we addressed our concern with her exploitation towards us and Judge Egelhoff not reprimand her nor even ask her to give cause for what is known as a criminal activity. Counsel Twohey's actions has since caused us undue pain & suffering in our pursuit of justice.

30. Judge Egelhoff's bias and acts of what looks like prejudices of allowing such acts as Counsel Twohey's and the other Counsel's led to our state of homelessness, dependent adult son who suffers from physical and mental disabilities, had to be sent to live with family members over 1200 miles away in another state.

31. As Plaintiffs in this case and having a jury demands on record, the FED proceeded without a jury present; despite us also including the demand explained in our Memorandum, Motions, and Answer.

32. As Pro Se Plaintiffs, we understand the expectation of being held to the rules of civil

procedures, yet at the same time, and in our observation, we could see Judge
Egelhoff's lack of holding Counsel for the Defendants accountable to the expected
proper conduct and principles that they should be with respect to the rights of all
parties involved.

33. It is disheartening to watch the attorneys in this lawsuit be allowed to represent their
clients who make allegations of affirmative defenses against us with no evidentiary
proof of support being brought forward and no one challenges it to keep the
litigation playing field fair within this lawsuit.

34. We now quote the message of Dr. King during our time of unjustifiable
homelessness, "Injustice anywhere is a threat to injustice everywhere."


WHEREFORE, Plaintiffs desire to litigate the merits of our original case in fairness, to
be able to prove our evidence, allegations against all named parties and the use of our
witnesses and all discovery in front of a jury.

Plaintiffs pray for judgement against ALL Defendants named herein in an amount and
or remedy to be determined at trial, for damages, losses, pre- and post-judgement
interest, costs, expert, witnesses, fees, and for such other and further relief as the Court
may deem proper.

Respectfully Submitted;

Date: <u>March 20, 2025</u>

        <u>/s/ Sanford Smith, Jr. –</u> UCC 1-308
        Sanford Smith, Jr., Pro Se

        <u>/s/ Angela Smith</u> - UCC 1-308
        Angela Smith, Pro Se
          8601 W. Cross Dr. F5
          #201
          Littleton, CO 80123
          Ph: 770-755-2184