IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00918-RTG

SANFORD SMITH, JR., and
ANGELA SMITH,

    Plaintiffs,

v.

JONATHAN A. MARKS,
ALAN S. MARKS (Estate),
CANDLEWYCK CONDOMINUM ASSOCIATION,
ADOLFSON AND PETERSON COSNTRUCTION,
AMY L. TWOHEY,
WORTH ROSS MGMT.,
HAMMERSMITH MGMT.,
FRONT RANGE ROOFING SYST.,
ZUPKUS AND ANGELL P.C.,
ADAM P. O'BRIEN,
WELLS, ANDERSON & RACE, LLC,
CHRISTY N. REDMOND,
DAVID O'HANSEN,
KUMPF, CHARSLEY & HANSEN P.C.,
VICTOR L. SULZER,
TSCHETTER & SULZER P.C., and
JONATHON CARLSON,

    Defendants.

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

    Plaintiffs, Sanford Smith, Jr., and Angela Smith, have filed *pro se* a Complaint (ECF No. 1). The Court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiffs will be directed to file an amended complaint if they wish to pursue any claims in this action.

**I. The Complaint**

Plaintiffs are residents of Littleton, Colorado. Plaintiffs assert thirteen claims for relief. Six of the claims are state law claims Plaintiffs apparently litigated in a state court action stemming from a residential lease agreement. The other seven claims are federal claims in which Plaintiffs contend their rights to due process were violated in the state court proceedings because they could not fairly litigate the state law claims. "Plaintiffs desire to litigate the merits of our original case in fairness, to be able to prove our evidence, allegations against all named parties and the use of our witnesses and all discovery in front of a jury." (ECF No. 1-1 at p.31.) The specific claims Plaintiffs assert are the following:

1. Warranty of Habitability, Brach of Lease Agreement/Contract
2. Retaliation in Launching Multiple Evictions, Colo. Rev. Stat. § 38-12-509
3. Trespass
4. Negligence
5. Nuisance/Quiet Enjoyment
6. Statutory Premises Liability, C.R.S. § 13-21-115
7. 5th & 14th Amendment Violations, Abuse of Process (Tort), Atty. Jonathan A. Marks & Alan S. Marks

8. 5th & 14th Amendment Violations, Abuse of Process (Tort), Atty. Jonathan Marks & Atty. Amy L. Twohey & Zupjus & Angell

9. 5th & 14th Amendment Violations, Obstruction of Justice, The Withholding of Evidence as Ordered & Requested in Discovery, Atty. Jonathan Marks, Atty. Amy L. Twohey & Zupkus & Angell, Atty. Jonathan Carlson & Victo Sulzer & Tschetter & Sulzer

10. 5th & 14th Amendment Violations, Obstruction of Justice, The Withholding of Evidence as Ordered & Requested in Discovery, Candlewyck HOA, Worth Ross Mgmt. & Hammersmith Mgmt., & Atty. David O. Hansen & Kumpf, Charsley & Hansen P.C.

11. 5th & 14th Amendment Violations, Obstruction of Justice, The Withholding of Evidence as Ordered & Requested in Discovery, Adolfson and Peterson Construction & Front Range Roofing Systems, & Atty. Adam P. O'Brien & Atty. Christy Zahradnik-Mitchell (formerly known as Christy N. Redmond) & Thompson, Coe, Cousins, & Irons, LLP (formerly known as: Wells, Anderson & Race, LLC)

12. 42 U.S.C. § 1983, 1985, 1986, Obstruction of Justice, Abuse of Process, & Violation of Procedural Due Process Under Color of Law, Justice Jon Jay Olafson

13. 42 U.S.C. § 1983, 1985, 1986, Obstruction of Justice, Abuse of Process, & Violation of Procedural Due Process Under Color of Law, Justice Martin F. Egelhoff

## II. Analysis

• **State Law Claims**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

There are two statutory bases for federal subject matter jurisdiction: federal

3

question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In relevant part, § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

Plaintiffs' state law claims are not federal claims under § 1331. And Plaintiffs do not allege facts that demonstrate the Court has diversity jurisdiction over the state law claims under § 1332 because Plaintiffs and at least some of the Defendants appear to be citizens of Colorado. "Diversity jurisdiction requires complete diversity - no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

If Plaintiffs file an amended complaint that includes a claim or claims over which the Court has original jurisdiction, the Court can exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); s*ee also* 28 U.S.C. § 1367(c)(3).

Plaintiffs also are advised that, to the extent the state law claims are merely an

4

attempt to relitigate claims from their state court case, the claims likely are barred by claim preclusion. *See Gale v. City and County of Denver*, 923 F.3d 1254, 1255-56 (10th Cir. 2019) (discussing the doctrine of claim preclusion).

• **Federal Claims**

As noted above, Plaintiffs assert seven federal claims over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331. However, the Court may be barred from exercising jurisdiction over the claims if, as it appears, Plaintiffs are asking the Court to review and reverse a state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Instead, review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Additionally, the Court notes that many of the federal claims (claims 7, 8, 9, 10, &

11) appear to lack merit because Plaintiffs do not allege facts that demonstrate the Defendants against whom those claims are asserted were acting under color of state law. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element Plaintiffs must allege facts that show they were deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Finally, the Court notes that the federal claims asserted against the state court judges (claims 12 & 13), who are state actors, appear to lack merit because judges are

absolutely immune from suit for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

• **Rule 8**

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pursuant to Rule 8(a), a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

In addition to the jurisdictional issues discussed above, the Complaint does not include a short and plain statement of the claims Plaintiffs are asserting that

demonstrates they are entitled to relief. Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [their] conclusory allegations." *Hall*, 935 F.2d at 1110.

Furthermore, "[t]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a cognizable claim in federal court Plaintiffs must identify, clearly and concisely, the specific claims they are asserting, the specific right allegedly violated in each claim, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated their rights. See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

**III. Conclusion**

For these reasons Plaintiffs must file an amended complaint if they wish to pursue any claims in this action. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed

electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Plaintiffs will be directed to file their amended complaint on the court-approved Complaint form.

Plaintiffs are advised that they may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiffs shall file, **within 30 days from the date of this Order**, an amended complaint on the court-approved Complaint form. It is

FURTHER ORDERED that Plaintiffs shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiffs fail to file an amended complaint within the time allowed, the action may be dismissed without further notice.

DATED March 26, 2025.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge